[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has appealed from the assessment of her property located at and known as 73 Middle Beach Road in Madison.
The plaintiff and the defendant have each presented appraisals by qualified appraisers known to the court.
The property in dispute, though not on the waterfront, offers views of Long Island Sound. It is located on an extremely desirable street, though its actual frontage on that street is only 25 feet. The plaintiff argues, without dissent by the defendant, that this 25 foot area cannot be used for vehicular access to the residence. Instead, access is over an adjoining lot, also owned by the plaintiff; and this parcel is reached by traversing streets of more modest nature than Middle Beach Road.
Though the appraisers used almost all different comparables in arriving at their evaluations, their evaluations for a property worth in the neighborhood of a million dollars is $100,000.
The court has been asked to find the market value on the assessment date, October 1, 1990 and on October 1, 1991 when substantial improvements were made to the house.
After carefully reviewing the appraisals and their supplements, the court finds both appraisers to have made sound and reasonable CT Page 16132 submissions. The plaintiff has raised some significant issues treating with the defendant's comparables.
However, there is one factor which the court finds dictates a result in favor of the plaintiff. On the evidence presented, there is no dispute that this residential parcel we are dealing with is served by a septic tank system. That system is located on the adjoining lot referred to above. Similarly, the access to the home is over that lot as the court noted above. The defendant did not seriously dispute this latter point, that access from Middle Beach Road is not reasonably feasible.
Therefore, the market value assigned to this property, an attractive, large house on 1.92 acres, does not contemplate the septic tank or the access. To put the proposition another way, were a willing buyer to purchase the subject property at either figure, that buyer would incur additional expense to obtain a septic tank and access, both features of the property as presently utilized.
This compels the conclusion that the plaintiff's property is assessed at a higher figure than the facts dictate.
The court will accept the plaintiff's evaluations and finds that the market value as of October 1, 1990 was $900,000; that the market value as of October 1, 1991 was $1,000,000; this latter figure pertains through 1997.
The plaintiff is awarded taxable costs, and specifically $500 for her appraiser's appearance and court testimony.
Anthony V. DeMayo, J.T.R.